UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR VIEIRA, | No. 2:11-cv-2342-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

On March 22, 2013, this court issued an order granting plaintiff's motion for summary judgment. (ECF No. 14.) Presently pending before the court is plaintiff's motion for attorney's fees and costs pursuant to 28 U.S.C. § 2412(d) and 42 U.S.C. § 406(b)(1), which plaintiff's counsel filed on July 17, 2013. (ECF No. 19.)[1] Plaintiff's counsel, Mr. Paul Saltzen, seeks an award of $3,630.28 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and an award of $12,600.00 pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). (ECF No. 19 at 1.)

////

////

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and 28 U.S.C. § 636(c), and both parties voluntarily consented to proceed before a United States Magistrate Judge. (ECF Nos. 4, 6, 8.)

1

After considering the parties' briefing, appropriate portions of the record, and the applicable law, the court grants plaintiff's counsel's request for Section 406(b) fees.[2]

I. BACKGROUND

On August 29, 2008, plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability onset date of August 30, 2007. (Administrative Transcript ("AT") 9, 21.) The Social Security Administration denied plaintiff's application on December 10, 2008, and upon reconsideration on May 22, 2009. (AT 74-79.) After a hearing, an administrative law judge ("ALJ") denied plaintiff's application for benefits. (AT 9-23.) Plaintiff commenced this action for judicial review and filed a motion for summary judgment on February 7, 2012. (ECF No. 11.) On March 8, 2012, the Commissioner ("Commissioner" or "defendant") filed a cross motion for summary judgment. (ECF No. 12.) Plaintiff filed a reply brief on March 28, 2012. (ECF No. 13.) On March 22, 2013, the court issued an order granting plaintiff's motion for summary judgment. (ECF No. 14.)

On June 19, 2013, plaintiff's counsel filed a motion for attorney fees under EAJA. (ECF No. 18.) On August 8, 2013, plaintiff's counsel and the Commissioner stipulated to the withdrawal of plaintiff's counsel's motion for fees under EAJA. (ECF No. 22 at 1.) Additionally, in the same stipulation, the parties agreed to plaintiff's counsel receiving fees in the amount of $3,280.28 and costs in the amount of $350.00. (Id. at 1-2.) The parties' stipulation became the order of the court on August 9, 2013. (ECF No. 23.) The court awarded EAJA fees in the requested amount of $3,280.28 and costs in the requested amount of $350.00. (Id. at 2.)

On July 17, 2013, plaintiff filed a motion for attorney fees under Section 406(b). (ECF No. 19.) On August 16, 2013, the Commissioner filed a "Statement of Non-Opposition" concerning plaintiff's counsel's motion. (ECF No. 24.) Therein, the Commissioner clarified that

////

---

[2] As to plaintiff's counsel's commensurate request for fees under EAJA, the request has been withdrawn by stipulation of the parties and order of the court. (ECF No. 23 (per the parties' stipulation, awarding plaintiff fees in the amount of $3,280.28 and costs in the amount of $350.00).)

2

while it neither assents nor objects to an award of fees under Section 406(b), it takes issue with portions of the motion in its capacity akin to that of plaintiff's "trustee."[3]  (Id.)

II.   DISCUSSION

By way of his pending motion, plaintiff's counsel requests $12,250.00 in fees and $350.00 in costs under Section 406(b).  (ECF No. 19 at 3.)

A.   Law Applicable To Section 406(b) Fees

42 U.S. C. § 406(b) provides, in part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

With respect to fee requests under 42 U.S.C. § 406(b), the Commissioner typically does not act as an adversary and acts instead as an adviser to the court.  Crawford v. Astrue, 586 F.3d 1142, 1144 n.2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants."); Parrish v. Comm'r of Social Sec. Admin., 698 F.3d 1215, 1217 (9th Cir. 2012) (explaining that the Commissioner serves as a "de facto trustee" for the plaintiff in the context of fee determinations).  As the Ninth Circuit Court of Appeals explained, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established."  Crawford, 586 F.3d at 1149. Indeed, in this case, while the Commissioner's response to the pending motion outlines the

////

---

[3]  Plaintiff himself has not filed anything contesting plaintiff's counsel's motion for fees.

3

applicable law regarding fee requests under Section 406(b), the Commissioner indicated that it neither assents nor objects to the fee request. (ECF No. 24 at 1.)

In Crawford, the Court of Appeals analyzed how to determine the "reasonableness" of requested fees within the 25% cap described in Section 460(b). Crawford, 586 F.3d at 1151-53. The court noted that although the it had previously utilized the lodestar method to determine the reasonableness of fees sought under Section 406(b), i.e., "by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case" with consideration of possible enhancements, the approach changed after the United States Supreme Court's decision in Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Id. at 1148. In Crawford, the Court of Appeals observed that:

> In Gisbrecht, the Supreme Court flatly rejected our lodestar approach. The court explained that we had "erroneously read § 406(b) to override customary attorney-client contingent-fee agreements" when we approved the use of the lodestar to determine a reasonable fee, Gisbrecht, 535 U.S. at 808-09, 122 S.Ct. 1817. The Court held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," id. at 793, 122 S.Ct. 1817, "looking first to the contingent-fee agreement, then testing it for reasonableness," id. at 808, 122 S.Ct. 1817. The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Id. A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." Id. "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. Id. The attorney bears the burden of establishing that the fee sought is reasonable. Id. at 807, 122 S.Ct. 1817.

Id. Thus, performance of this court's duty to assure reasonableness of the fee "must begin, under Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. at 1149. It is plaintiff's counsel's burden to demonstrate the reasonableness of the fees he or she requests. Id. at 1148.

////

1    B.  The Requested Fees

2    The pending motion seeks $12,250.00 in attorney fees and $350.00 in costs under Section

3    406(b).[4]  (ECF No. 19-1 at 3.)  For the reasons discussed below, the undersigned awards the

4    requested fees, and denies the request for an award of costs.

5         1.   The Fee Agreement Is Reasonable

6    Under the analytical framework described in Gisbrecht, courts analyzing fee motions

7    under Section 406(b) should first look to the terms of the fee agreement between plaintiff and his

8    or her counsel.  Gisbrecht, 535 U.S. at 808.  In support of the pending motion, plaintiff's counsel

9    provided a copy of the fee agreement between himself and plaintiff.  (ECF No. 19-1 at 4-5.)  The

10   fee agreement was signed on April 5, 2010, by both plaintiff and his counsel.  (Id. at 5.)  The

11   contract states that plaintiff "will pay [his] representative a fee equal to 25 percent of any past-due

12   benefits from my claim."[5]  (Id. at 4.)  Thus, this provision of the fee agreement is in line with the

13   statutory maximum plaintiff's counsel is allowed to recover.  42 U.S.C. § 406(b)(1)(A).

14   Therefore, following the analytical framework described in Gisbrecht, the fee agreement is not

15   contrary to the requirements of Section 406(b).  See Gisbrecht, 535 U.S. at 808; see also

16   Crawford 586 F.3d at 1148 ("[A] district court charged with determining a reasonable fee award

17   under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements[,]'

18   looking first to the contingent-fee agreement, then testing it for reasonableness.") (citations

19   omitted).[6]  Under the terms of the fee agreement, plaintiff's counsel is entitled to seek up to 25%

---

[4] In the pending motion for fees under Section 406(b), counsel indicates that an award of 25% of past-due benefits would help compensate him for work he performed both litigating plaintiff's appeal in federal court, *as well as* for work he performed as plaintiff's advocate in proceedings at the administrative level.  (ECF No. 19-1 at 11-12.)  The court may only award fees for time expended before this court.  Clark v. Astrue, 529 F.3d 1211, 1215-16 (9th Cir. 2008).  Therefore, the court clarifies that it grants counsel's requested fees pursuant to Section 406(b) and the provision of the fee agreement permitting counsel to seek up to 25% of past-due benefits; the court does *not* award fees to compensate plaintiff's counsel for his hours of work at the administrative level.

[5] The fee agreement does not explicitly state that plaintiff's counsel will seek fees under Section 406(b).  However, no party appears to dispute plaintiff's counsel's ability to seek such fees.

[6] "The Supreme Court made clear in Gisbrecht why courts must start with the contingent-fee agreement in SSDI cases.  The Court explained that the lodestar method was developed to

of plaintiff's past-due benefits, which, according to the Commissioner, is $13,353.75.[7]  (ECF No. 19-1 at 8.)

       2.       The Reasonableness Of The Requested Fees

The analysis of plaintiff's counsel's proper award under Section 406(b) does not end with the terms of the fee agreement.  Indeed, the court must test the fee award for reasonableness.  See Crawford 586 F.3d at 1148 (citing Gisbrecht, 535 U.S. at 808).  The court in Crawford clarified that, under Gisbrecht, there are four factors to consider when evaluating the reasonableness of fees under Section 406(b): (a) the character of the representation; (b) the results achieved by plaintiff's counsel; (c) plaintiff counsel's use of "dilatory conduct in order to increase the accrued amount of past-due benefits;" and, (d) whether the "benefits are large in comparison to the

////

---

implement fee-shifting statutes, which assess fees against the losing party and which do not prevent the attorney from seeking additional fees from the client."  Crawford, 586 F.3d at 1148.  "SSDI attorneys' fees, in contrast, are not shifted.  They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client."  Id.

[7]  Briefing by plaintiff's counsel and the Commissioner cursorily reference a "second" successful application for benefits that plaintiff apparently filed on August 16, 2011.  (ECF Nos. 19-1 at 2, n.1, 24 at 3.)  The Commissioner states that this second application may have resulted in the Social Security Administration withholding more benefits, such that plaintiff's counsel's pending fee request may inadvertently reach some benefits withheld in connection with a completely separate benefits application.  However, defendant has not offered any reason for doubting the Social Security Administration's own assessment of plaintiff's total past-due benefits — or the amount that it told plaintiff had been withheld from past-due benefits to pay attorney fees in connection with this "the court's decision" in *this action*. (ECF No. 19-1 at 8 ("Your representative may ask the court to approve a fee . . . [p]ast due benefits are those payable through February 2013, the month before *the court's decision*.  For this reason, we are withholding $13,353.75.") (emphasis added).)  In granting the $12,250.00 in fees requested in the pending motion, the court intends to grant fees *only* for the past-due benefits awarded pursuant to this court's order of March 22, 2013.  (ECF No. 14.)

Moreover, according to plaintiff's counsel, fees for the second benefits application totaled $789.93 ($516.50 plus $273.43).  (ECF No. 19-1 at 2, n.1.)  The court accepts plaintiff's counsel's representation as an officer of the court.  The fact that the fees sought in the pending motion and the fees incurred in connection with plaintiff's second application combine to be less than the $13,353.75 that the Commissioner withheld from plaintiff's past-due benefits ($12,250.00 plus $789.93 is $13,039.93, which is less than $13,353.75).  (ECF No. 19-1 at 2, n.1, 8.)  Thus, it is not clear that any overlap in fee awards occurred or will occur.

6

amount of time counsel spent on the case." Crawford, 586 F.3d at 1148 (internal quotations omitted). Each of these factors are analyzed in turn below.

    a.  *The Character Of Representation*

An attorney's substandard representation is grounds to reduce the fees sought under Section 406(b). Crawford, 586 F.3d at 1151. While plaintiff's counsel refrains from addressing the quality of his representation in the motion now before the court, a review of the record reveals no reason to reduce counsel's Section 406(b) fees to reflect substandard performance. Indeed, plaintiff's arguments were well-taken by the court. (See ECF No. 14.) Furthermore, the Commissioner did not identify any instances of substandard representation in its Statement of Non-Opposition. (ECF No. 24.) Therefore, the court does not find it necessary to reduce plaintiff's counsel's award based on the character of his representation.

    b.  *The Results Achieved by Plaintiff's Counsel*

Poor results can justify a reduction in an attorney's requested Section 406(b) fees. Crawford, 586 F.3d at 1148. At this stage, it goes nearly without saying that plaintiff's counsel achieved positive results for his client. The court granted plaintiff's motion for summary judgment and remanded plaintiff's case for "the calculation and award of benefits." (ECF No. 14 at 28.) Therefore, this factor does not warrant a reduction in the requested fees.

    c.  *Use of Dilatory Conduct To Increase Past-Due Benefits*

A fee is "subject to reduction by the court" if the attorney "engaged in dilatory conduct in order to increase the accrued amount of past-due benefits." Crawford, 586 F.3d at 1148. After reviewing the record, the court finds no such conduct by plaintiff's counsel. No extensions of time were granted and no delays were caused by plaintiff's counsel, and defendant does not identify any such conduct. Thus, there is no reason to reduce plaintiff's counsel's fee request on such grounds.

    d.  *Proportionality Of Benefits To The Amount Of Time Expended By Counsel*

A court can reduce an attorney's Section 406(b) fee if the "benefits . . . are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151. In Crawford, the Court of Appeals reviewed three consolidated cases, Crawford v. Barnhart, Washington v. Barnhart, and

Trejo v. Barnhart. Id. at 1144.  In Crawford, the court awarded $123,891.20 in past-due benefits, and the plaintiff's counsel spent 19.5 hours of attorney time and 4.5 hours of paralegal time. Crawford, 586 F.3d at 1145.  In Washington, the court awarded $76,041.00 in past-due benefits, and the plaintiff's counsel spent 17.45 hours of attorney time and 4.7 hours of paralegal time.  Id. Finally, in Trejo, the court awarded $172,223.00 in past-due benefits, and the plaintiff's counsel spent 26.9 hours of attorney time and 2.6 hours of paralegal time.  Id. at 1146.  After applying the Gisbrecht framework discussed and applied above, the Ninth Circuit granted the requested Section 406(b) fees of $21,000.00 in Crawford, $11,500.00 in Washington, and $24,000 in Trejo. Crawford, 586 F.3d at 1145-46.  The Court of Appeals did not construe the proportionality of benefits to time spent as a "windfall" in any of these three cases.  Crawford, 586 F.3d at 1151 ("The fees requested here are reasonable under the test mandated by Gisbrecht.").

Needlessly complicating the court's proportionality analysis in the instant case is plaintiff's counsel's failure to clearly state the grand total of plaintiff's past-due benefits.  Counsel apparently relies upon the Social Security Administration's notice, which states that $13,353.75 was withheld to be used toward an attorney fee award of up to 25% of past due benefits.  (ECF No. 19-1 at 8.)  Nevertheless, as a Section 406(b) award is a derivative of total past-due benefits, it can be fairly said that the amount plaintiff's counsel now requests under Section 406(b) is consistent with Crawford.  See 42 U.S.C. § 406(b); Crawford, 586 F.3d at 1145-46.  Indeed, plaintiff's counsel requests $12,250.00 in fees, and counsel spent 18.3 hours litigating plaintiff's appeal before this court.[8]  (ECF No. 19-1 at 12.)  Given the finding of proportionality in Crawford, the undersigned finds that plaintiff's counsel's requested fee amount is not disproportionate to the past-due benefits awarded.

////

---

[8] The Commissioner implicitly suggests that plaintiff's counsel should not receive fees under Section 406(b) for the two hours he spent seeking EAJA fees, yet the Commissioner cites no authorities supporting the implicit suggestion.  (ECF No. 24 at 2.)  Under Section 406(b) and the fee agreement, counsel is entitled to 25% of past due benefits, and "absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action."  Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161 (1990).

C.  The Requested Costs

Plaintiff's counsel also requests $350.00 in costs in addition to fees under Section 406(b). (ECF No. 19-1 at 3.)  As noted above, plaintiff's counsel has already been awarded his costs in the amount of $350.00 pursuant to plaintiff's motion for fees under EAJA.  (ECF No. 23 at 2.) Because plaintiff's counsel's costs were previously reimbursed, and because plaintiff has not addressed whether a second award of such costs would result in an impermissible double recovery even though the Commissioner explicitly argued as much (ECF No. 24 at 3), the court declines to award the requested costs under Section 406(b).

III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for fees under 42 U.S.C. § 406(b) (ECF No. 19) is GRANTED in part.

    a. Plaintiff's counsel is awarded the requested $12,250.00 in attorney's fees under 42 U.S.C. § 406(b).  The fees awarded are not intended to compensate plaintiff's counsel for work done at the administrative level.

    b. As plaintiff's counsel has now received EAJA fees (ECF No. 23) *and* fees under Section 406(b) for the "same work" in this action, if he has not already done so, plaintiff's counsel must "refun[d] to the claimant the amount of the smaller fee" awarded, which in this case is the previously-awarded EAJA fee of $3,280.28.  See Gisbrecht, 535 U.S. at 789 ("Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee"); Parrish, 698 F.3d at 1218-19, 1221 ("where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) ] and [28 U.S.C. § 2412], the claimant's attorney [must refund] to the claimant the amount of the smaller fee.") (quoting Pub.L. No. 99–80, § 3, 99 Stat. 183 (1985) (uncodified)).

    c. Plaintiff's counsel's request for costs totaling $350.00 is DENIED, as such costs have already been awarded, and as plaintiff's counsel has not shown that

9

such award does not amount to an impermissible double recovery.  (ECF No. 23.)

IT IS SO ORDERED.

Dated:  November 5, 2013

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE